

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION – CIVIL ACTIONS BRANCH**
**500 INDIANA AVENUE NW, Room 5000**
**WASHINGTON, DC 20001**

**Date:**

The Honorable Angela Caesar, Clerk
United States District Court for the District of Columbia
3rd and Constitution Avenue, Washington, D.C. 20001

**In Re:**

**Civil Action Number:**

**U.S. District Number:**

Dear Ms. Angela Caesar:

      Transmitted herewith are all of the pleadings filed in the above captioned case pursuant to a Petition for Removal Filed in the District of Columbia Superior Court on         . A certified copy of the docket entries is also enclosed.

      Please acknowledge receipt of our file on a duplicate copy of this letter, and return it to this Court.

                Sincerely,

                Joy Jefferson, Branch Chief
                Civil Actions Branch

**Completed By:** _____

| Case Number | Status | | Judge |
|---|---|---|---|
| 2021 CA 004322 B | Closed | | PUIG-LUGO, HIRAM E |

| In The Matter Of | | | Action |
|---|---|---|---|
| GALLO, ALEXANDER  Vs. DISTRICT OF COLUMBIA | | | Complaint for Declaratory Judgment Filed |

| Party | | Attorneys | |
|---|---|---|---|
| GALLO, ALEXANDER | PLNTF | PRO SE | |
| DISTRICT OF COLUMBIA | DFNDT | AMARILLAS, FERNANDO | |

| Opened | Disposed | Case Type |
|---|---|---|
| 11/19/2021 | Removal-Notice of Removal To USDC | Civil II |

Comments:

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 1 | 📷 01/04/22 | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Removal<br>Sent on:  01/04/2022  15:06:07.56 | 0.00 | 0.00 |
| 2 | 12/23/21 | Notice of Removal to USDC Filed<br>1:21-cv-03298 | 0.00 | 0.00 |
| 3 | 12/23/21 | Event Resulted:<br>The following event: Initial Scheduling Conference-60 scheduled for 02/18/2022 at 9:30 am has been resulted as follows:<br><br>Result: Event Not Held Case Dismissed<br>Judge: PUIG-LUGO, HIRAM E   Location: Courtroom 318 | 0.00 | 0.00 |
| 4 | 📷 12/16/21 | Notification of Removal Filed.<br>Submitted 12/16/2021 12:00. kd<br>Attorney: BLUMING, MICAH I (1618961)<br>FERNANDO AMARILLAS (Attorney) on behalf of DISTRICT OF COLUMBIA (Defendant); MICAH I BLUMING (Attorney) on behalf of DISTRICT OF COLUMBIA (Defendant) | 0.00 | 0.00 |
| 5 | 11/24/21 | Proof of Service<br>Method  : Service Issued<br>Issued  : 11/19/2021<br>Service  : Summons Issued<br>Served  : 11/22/2021<br>Return  : 11/24/2021<br>On      : DISTRICT OF COLUMBIA<br>Signed By : Certified Mail<br><br>Reason  : Proof of Service<br>Comment  :<br><br>Tracking #: 5000237761 | 0.00 | 0.00 |

Date: 01/04/2022   15:09:54.3         Docket Sheet                    Page: 2

CRTR5925                            Summary

2021 CA 004322 B    GALLO, ALEXANDER   Vs. DISTRICT OF COLUMBIA

---

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 6 | 📷 11/23/21 | Affidavit of Service of Summons & Complaint on DISTRICT OF COLUMBIA (Defendant); | 0.00 | 0.00 |
| 7 | 11/19/21 | Issue Date:  11/19/2021 Service:  Summons Issued Method:  Service Issued Cost Per:  $<br><br>DISTRICT OF COLUMBIA 400 6th Street NW WASHINGTON, DC  20001 Tracking No: 5000237761 | 0.00 | 0.00 |
| 8 | 📷 11/19/21 | Initial Order and Addendum Issued (60 Days)<br><br>Initial Order-60 Days Sent on:  11/19/2021  09:16:27.25 | 0.00 | 0.00 |
| 9 | 11/19/21 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 02/18/2022    Time: 9:30 am Judge: PUIG-LUGO, HIRAM E    Location: Courtroom 318 | 0.00 | 0.00 |
| 10 | 📷 11/19/21 | Complaint for Damages and Declaratory Relief (42 USC 1983) Filed. km Attorney: PRO SE (999999) ALEXANDER GALLO (Plaintiff);  Receipt: 483194  Date: 11/19/2021 | 120.00 | 0.00 |

---

                        Totals By:  Cost
                                 Information                120.00                0.00

                                                             0.00                0.00
                  *** End of Report ***



A TRUE COPY
DATE:

Clerk, Superior Court of
the District of Columbia

Filed
D.C. Superior Court
12/16/2021 12:00PM
Clerk of the Court

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **ALEXANDER GALLO,** | **Case No. 2021 CA 004322 B** |
| **Plaintiff,** | **Judge Hiram E. Puig-Lugo** |
| **v.** | **Next Event: Initial Conference,** |
| **DISTRICT OF COLUMBIA,** | **9:30 a.m., February 18, 2022** |
| **Defendant.** | |

## NOTIFICATION OF REMOVAL

Please take notice that on December 16, 2021, defendant filed a notice of removal of this matter under 28 U.S.C. §§ 1441 and 1446, in the United States District Court for the District of Columbia. This case has now been removed to the District Court and bears Civil Action No. 21-3298. According to 28 U.S.C. § 1446(d), this Court "shall proceed no further unless and until the case is remanded" from the District Court.

Dated:  December 16, 2021.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Assistant Deputy Attorney General

*/s/ Micah Bluming*
MICAH BLUMING [1618961]
Assistant Attorney General
ANDREW J. SAINDON [456987]
Senior Assistant Attorney General
Equity Section

400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
(202) 724-7272
(202) 730-1833 (fax)
micah.bluming@dc.gov
andy.saindon@dc.gov

*Counsel for Defendant*

2

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on December 16, 2021, a copy of Defendant's Notification of Removal was

served by first-class mail on:

Alexander Gallo
950 25th Street, N.W. #329N
Washington, D.C. 20037

*Pro Se Plaintiff*

/s/ Micah Bluming
MICAH BLUMING [1618961]
Assistant Attorney General

3

**THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**
**500 Indiana Avenue   NW**
**Washington, D.C.  20001**

**January 4, 2022**

CASE NAME:  ALEXANDER GALLO Vs. DISTRICT OF COLUMBIA

CASE NUMBER:  2021 CA 004322 B

# NOTICE OF REMOVAL

This case has been removed to the U.S. District Court for the District of Columbia. Any unresolved motion filed in this case prior to its removal is moot as of the date of this notice. Should the U.S. District Court remand the case back to this Court, moving party may request reinstatement of a motion filed prior to removal of the case by filing a praecipe requesting that the named motion(s) be reinstated. A Certificate of Service to all parties must accompany the praecipe.

**NO FURTHER PLEADINGS WILL BE ACCEPTED FOR FILING IN THE SUPERIOR COURT AT THIS TIME.**



D. C. Superior Court
500 Indiana Avenue NW
Room JM-170
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

FERNANDO AMARILLAS
ATTORNEY GENERAL FOR D.C.
441 Fourth Street NW,  Sixth Floor South
WASHINGTON, DC 20001

2021 CA 004322 B

CANOR

**THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**
**500 Indiana Avenue   NW**
**Washington, D.C.  20001**

**January 4, 2022**

CASE NAME:  ALEXANDER GALLO Vs. DISTRICT OF COLUMBIA

CASE NUMBER:  2021 CA 004322 B

# NOTICE OF REMOVAL

This case has been removed to the U.S. District Court for the District of Columbia. Any unresolved motion filed in this case prior to its removal is moot as of the date of this notice. Should the U.S. District Court remand the case back to this Court, moving party may request reinstatement of a motion filed prior to removal of the case by filing a praecipe requesting that the named motion(s) be reinstated. A Certificate of Service to all parties must accompany the praecipe.

**NO FURTHER PLEADINGS WILL BE ACCEPTED FOR FILING IN THE SUPERIOR COURT AT THIS TIME.**



D. C. Superior Court
500 Indiana Avenue NW
Room JM-170
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

MICAH I BLUMING
Office of the Attorney General
441 4th Street
WASHINGTON, DC 20001

2021 CA 004322 B

CANOR

**THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**
**500 Indiana Avenue   NW**
**Washington, D.C.  20001**

**January 4, 2022**

CASE NAME:  ALEXANDER GALLO Vs. DISTRICT OF COLUMBIA

CASE NUMBER:  2021 CA 004322 B

# NOTICE OF REMOVAL

This case has been removed to the U.S. District Court for the District of Columbia. Any unresolved motion filed in this case prior to its removal is moot as of the date of this notice. Should the U.S. District Court remand the case back to this Court, moving party may request reinstatement of a motion filed prior to removal of the case by filing a praecipe requesting that the named motion(s) be reinstated. A Certificate of Service to all parties must accompany the praecipe.

**NO FURTHER PLEADINGS WILL BE ACCEPTED FOR FILING IN THE SUPERIOR COURT AT THIS TIME.**



D. C. Superior Court
500 Indiana Avenue NW
Room JM-170
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

ALEXANDER GALLO
950 25th St NW #329N
WASHINGTON, DC 20037

2021 CA 004322 B

CANOR

**THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**
**500 Indiana Avenue   NW**
**Washington, D.C.  20001**

**January 4, 2022**

CASE NAME:  ALEXANDER GALLO Vs. DISTRICT OF COLUMBIA

CASE NUMBER:  2021 CA 004322 B

# NOTICE OF REMOVAL

This case has been removed to the U.S. District Court for the District of Columbia. Any unresolved motion filed in this case prior to its removal is moot as of the date of this notice. Should the U.S. District Court remand the case back to this Court, moving party may request reinstatement of a motion filed prior to removal of the case by filing a praecipe requesting that the named motion(s) be reinstated. A Certificate of Service to all parties must accompany the praecipe.

**NO FURTHER PLEADINGS WILL BE ACCEPTED FOR FILING IN THE SUPERIOR COURT AT THIS TIME.**



D. C. Superior Court
500 Indiana Avenue NW
Room JM-170
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

DISTRICT OF COLUMBIA
400 6th Street NW
WASHINGTON, DC 20001

2021 CA 004322 B

CANOR

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| **ALEXANDER GALLO,** | **Case No. 2021 CA 004322 B**<br>**Judge Hiram E. Puig-Lugo** |
| **Plaintiff,** | |
| **v.** | **Next Event: Initial Conference,**<br>**9:30 a.m., February 18, 2022** |
| **DISTRICT OF COLUMBIA,** | |
| **Defendant.** | |

## NOTIFICATION OF REMOVAL

Please take notice that on December 16, 2021, defendant filed a notice of removal of this matter under 28 U.S.C. §§ 1441 and 1446, in the United States District Court for the District of Columbia. This case has now been removed to the District Court and bears Civil Action No. 21-3298. According to 28 U.S.C. § 1446(d), this Court "shall proceed no further unless and until the case is remanded" from the District Court.

Dated:  December 16, 2021.          Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Assistant Deputy Attorney General

*/s/ Micah Bluming*
MICAH BLUMING [1618961]
Assistant Attorney General
ANDREW J. SAINDON [456987]
Senior Assistant Attorney General
Equity Section

400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
(202) 724-7272
(202) 730-1833 (fax)
micah.bluming@dc.gov
andy.saindon@dc.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on December 16, 2021, a copy of Defendant's Notification of Removal was

served by first-class mail on:

Alexander Gallo
950 25th Street, N.W. #329N
Washington, D.C. 20037

*Pro Se Plaintiff*

/s/ Micah Bluming
MICAH BLUMING [1618961]
Assistant Attorney General

3

Filed
D.C. Superior Court
11/23/2021 14:34PM
Clerk of the Court

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Alexander Gallo
_____
                    *Plaintiff*

Civil Action No.: 2021 CA 004322 B

Vs.

District of Columbia
_____
                    *Defendant*

## AFFIDAVIT OF SERVICE BY CERTIFIED/REGISTERED MAIL

I, Alexander Gallo _____ under oath do hereby state the following:

That my age and date of birth are as follows: Age 34, June 1987

That the residential or business address is: _____

That a coy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant District of Columbia by registered/certified mail.

That the return receipt attached hereto was signed by Tonia Robinson the defendant herein or the appointed a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt shows the date of delivery as the 22nd day of November 20 21.

If return receipt does not purport to be signed by the parties named in the Summons, then state specific facts from which the Court's can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4 (e) (2) and 4 (c) (3).

**SPECIFIC FACTS:** Pursuant to office of the Attorney General office order NO 2020-19 OAG is accepting service by email Documents served accordingly. Receipt confirmed by Tonia Robinson

_____
                    Signature

Subscribed and sworn before me this  23  day of November  20 21.

_____
                    Notary/Deputy Clerk

JOHN F. MORSE
NOTARY PUBLIC
EXP.
1-14-23
DISTRICT OF COLUMBIA

11/22/21, 9:53 AM                          The George Washington University Mail - Service of Process (2021 CA 004322B)

THE GEORGE
WASHINGTON
UNIVERSITY

Alexander Gallo <aogallo@gwmail.gwu.edu>

## Service of Process (2021 CA 004322B)

Robinson, Tonia (OAG/GL) <tonia.robinson@dc.gov>                                                Mon, Nov 22, 2021 at 8:24 AM
To: Alexander Gallo <aogallo@gwmail.gwu.edu>, "Copeland, Chad (OAG)" <chad.copeland@dc.gov>, "Litos, Stephanie (OAG)" <stephanie.litos@dc.gov>

Received.

---------- Forwarded message ----------
From: Alexander Gallo <aogallo@gwmail.gwu.edu>
To: "Copeland, Chad (OAG)" <chad.copeland@dc.gov>, "Litos, Stephanie (OAG)" <stephanie.litos@dc.gov>, "Robinson, Tonia (OAG/GL)" <tonia.robinson@dc.gov>
Cc:
Bcc:
Date: Fri, 19 Nov 2021 19:03:23 +0000
Subject: Service of Process (2021 CA 004322B)

    You don't often get email from aogallo@gwmail.gwu.edu. Learn why this is important

CAUTION: This email originated from outside of the DC Government. Do not click on links or open attachments unless you recognize the sender and know that the content is safe. If you
believe that this email is suspicious, please forward to phishing@dc.gov for additional analysis by OCTO Security Operations Center (SOC).

Hello,

This email is electronic service of process on District of Columbia (according to Office Order No. 2020-10) of case 2021 CA 004322B. A copy of the complaint, the summons and
the initial order/addendum is attached.

Please confirm receipt.

Sincerely,
Alexander Gallo

5 attachments


info sheet p2.jpg
63K


info speet p1.jpg
84K

complaint filed.pdf
1265K

Initial Order and Summons.pdf
7257K

Service of Process (2021 CA 004322B).eml
11876K



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

ALEXANDER GALLO
    Vs.                                 C.A. No.     2021 CA 004322 B
DISTRICT OF COLUMBIA

## INITIAL ORDER AND ADDENDUM

**Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby** ORDERED **as follows:**

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.

No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge HIRAM E PUIG-LUGO
Date:       November 19, 2021
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, February 18, 2022
Location:   Courtroom 318
              500 Indiana Avenue N.W.
              WASHINGTON, DC 20001

                CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,   "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.   The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.   Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

CAIO-60

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

    **Option1:**  **(AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise.  If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the **Audio Alternative**

**Option 2:** **(LAPTOP/ DESKTOP USERS 1):**

    Open Web Browser in Google Chrome and copy and paste following address from the next page:
    https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3:** **(LAPTOP/ DESKTOP USERS 2):**

    Open Web Browser in Google Chrome and copy and paste following address
    https://dccourts.webex.com  Select **Join**, enter the Meeting ID from the next page

**AUDIO ALTERNATIVE**:  Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window.  Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.



**Option 4:** **(Ipad/SMART PHONE/TABLET):**

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

    **For Technical Questions or issues Call: (202) 879-1928, Option** #2

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).**  After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom.  Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

CAIO-60

| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|---|---|---|---|
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

CAIO-60

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

FILED
CIVIL ACTIONS BRANCH
NOV 1 9 2021
Superior Court of the
District of Columbia
Washington, D.C.

Alexander Gallo
950 25th St NW #329N
Washington, DC 20037
aogallo@gwmail.gwu.edu
516-770-1624
*Plaintiff*

v.

Case No. **2021    4322**

District of Columbia
400 6th St NW
Washington, DC 20001
202-727-3400
oag@dc.gov
*Defendant*

<u>**Complaint for Damages and Declaratory Relief (42 USC 1983)**</u>

*Parties*

Alexander Gallo is a natural person. The District of Columbia is a municipality subject to suit under 42 USC 1983.

*Related Proceedings*

- Superior Court. *Gallo Holdings LLC – Series 2, et al*, v. Andre Hopkins. 2020-LTB-008032. Declaratory Judgment entered 12/16/2020. Possessory action stayed per statute. Initial Hearing not yet scheduled.
- DC Court of Appeals. *District of Columbia v. Karen Towers, et al*. 21-CV-0037. Judgment entered 10/7/2021, reversing Superior Court judgment of 12/16/2020.
- United States Supreme Court. Petition for Certiorari to be filed.

The constitutional challenges raised herein were raised in the related cases. Grounds besides Access to the Courts were left unresolved by both the Superior Court and the Court of Appeals.

## STATEMENT OF THE CASE

*Constitutional Provisions*

- Petition Clause (1st Amendment): "Congress shall make no law respecting… the right of the people… to petition the Government for a redress of grievances"
- Due Process Clause (5th Amendment): "No person shall ... be deprived of property, without due process of law"
- Contract Clause (Article I, Section 10, Clause 1): "No State shall… pass any… Law impairing the Obligation of Contracts"
- Takings Clause (5th Amendment): "Nor shall private property be taken for public use, without just compensation."

*Statutes*

*DC Code § 16–1501: Forcible Entry and Detainer*

"During a period of time for which the Mayor has declared a public health emergency pursuant to [§ 7-2304.01], and for 60 days thereafter, the person aggrieved shall not file a complaint seeking relief"

*DC Code § 28–3814. Debt collection*

"During a public health emergency and for 60 days after its conclusion, no creditor… shall, with respect to any debt:

(A) Initiate, file, or threaten to file any new collection lawsuit;

(B) Initiate, threaten to initiate, or act upon any statutory remedy for the garnishment, seizure, attachment, or withholding of wages, earnings, property, or funds for the payment of a debt to a creditor"

*DC Code § 42–3192.01. Tenant payment plans*

"During a period of time for which the Mayor has declared a public health emergency pursuant § 7-2304.01, and for one year thereafter ("program period"), a provider shall offer a rent-payment-plan program"

"A provider shall approve each application for a payment plan"

"unless the provider has offered a rent payment plan pursuant to this section and approved a rent payment plan pursuant to subsection (d) of this section, that provider shall be prohibited from filing any collection lawsuit or eviction for non-payment of rent"

*Introduction*

1) In the District of Columbia, resort to judicial process is the sole legal path to possess property or enforce a lease. In May 2020, the District passed statutes[1] prohibiting any person for any reason from filing a complaint for possession (the "filing ban"), despite having valid claims.

2) Alexander Gallo owns several condominium units in the District. In one, a squatter has been residing at the District's invitation for nearly two years not paying one cent while he was (and still is) Legislatively precluded from filing suit for possession. The squatter occupying the unit was foreclosed nearly two years ago for not paying his bills for years prior.

3) Plaintiff's lease contracts with other tenants were similarly declared unenforceable, leaving him in a precarious state of being liable for expenses while having his ability to enforce his right to receive commensurate income Legislatively withdrawn.

4) No compensation was or is provided or promised by the District for the occupancy imposed or rights taken. No offsetting protection (such as Government directly covering expenses) was provided. Remedy was simply withdrawn by Legislative decree with total disregard for the equities in any case with homeowners left to pay the bills. Adding insult to injury, the District continually subjected homeowners with outlay obligations such as HOA dues, utilities, property tax, cost of capital and maintenance, with foreclosure and civil fines to be imposed for any failure to continue serving non-paying persons.

5) The District thus- by fiat- suspended the right to possess, to exclude, to receive income from, and to protect quiet enjoyment of property. It eliminated access to the courts, appropriated contracts and converted private property to public housing without compensation.

6) The following is well-established and controlling: "[A] State, by ipse dixit, may not transform private property into public property without compensation." *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155 (1980). "the Legislature may not withdraw all remedies" under a contract. *Oshkosh Waterworks Co. v. Oshkosh*, 187 U.S. 437 (1903)

---

[1] The statutes also prohibited any civil or small claims action for debt (rent due), prohibited enforcement of any prior judgment for money or possession via garnishment, attachment, or eviction, and declared landlords must offer "payment plans" allowing delinquencies through the year 2023 with no penalty.

*Procedural History of the Matter*

7) There were several hundred complaints for possession (typically for nonpayment) awaiting hearing in the Landlord-Tenant Branch of the Superior Court in May 2020 when the "filing ban" was enacted. Acting sua sponte, the court directed plaintiffs to show cause as to why their cases should not be dismissed pursuant to the moratorium.

8) In response, various homeowners facially challenged the moratorium on several grounds:
    •There is a constitutional right of Access to the Courts which protects possessory actions
    •The Contracts Clause prohibits suspension of actions for possession
    •The Takings Clause prohibits Government-imposed occupancy without compensation

9) The court consolidated several cases for a hearing on these issues. The District intervened to defend the moratorium and briefed all issues. The trial court then issued declaratory judgment on December 16, 2020 that the filing ban violates the right of Access to the Courts while not reaching the other grounds raised.

10) On October 7, 2021 the Court of Appeals reversed the Superior Court's declaratory judgment and found no violation of Access to the Courts. The Court of Appeals noted in its judgment that the moratorium could be "challenged on other grounds." *Towers*. During oral arguments several members of the panel noted there would be a strong Takings claim, as well as an ability to bring a contractual "impairment" action against the Government under 42 USC 1983. It was seemingly concluded that the ability to sue the Government in court for its constitutional violations therefore meant that Access to the Court was not violated.

11) To date, Plaintiff has been deprived of **$30,000** in fair use value while sitting without remedy paying the bills on a property occupied by a non-paying squatter. Plaintiff has spent two years being forced to shovel out cash while his right to possess or receive income was abrogated. This situation produces mental anguish. Plaintiff has additionally spent significant personal time having to litigate in vindication of his civil rights.

## **RELIEF REQUESTED**

12) Damages and declaratory relief are requested as follows pursuant to 42 USC 1983:

Plaintiff incorporates herein by reference every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

i.  Nominal Damages of $1 for violation of access to the courts

The Court of Appeals has ruled no violation has occurred. A petition for certiorari to the Supreme Court will be filed seeking reversal.

ii.  Nominal Damages of $1 for violation of the Contract Clause

The Contract Clause applies to the District. *DC Code § 1–203.02* "The right of a party not to have a State, or a political subdivision thereof, impair its obligations of contract is a right secured by the first article of the United States Constitution. A deprivation of that right may therefore give rise to a cause of action under section 1983." *Southern California Gas Co. v. City of Santa Ana, 336 F.3d 885, 887 (9th Cir. 2003) (per curiam).*

The Supreme Court has repeatedly emphasized that a suspension of contractual enforcement violates the Contract Clause. "he who pays too late, pays less. Any authorization of the postponement of payment… is in conflict with the constitutional inhibition." *State of Louisiana v. City of New Orleans*, 102 U.S. 203 (1880). "the act carves out for the mortgagor or the owner of the mortgaged property an estate of several months more than was obtainable by him under the former law, with full right of possession, and without paying rent or accounting for profits in the meantime." *Barnitz v. Beverly*, 163 U.S. 118 (1896). "in an action for rent or rental value, the landlord secures judgment by default, he shall, in addition to a money judgment, be put in possession if payment be not promptly made." *Marcus Brown Holding Co., Inc. v. Feldman*, 256 U.S. 170 (1921).

It held that precisely the situation imposed here and now- "undisturbed possession for the debtor and without a dollar for the creditor" with "no enforceable obligation in the meantime" and debtors having "every incentive to refuse to pay a dollar"- is unconstitutional. *W.B. Worthen v Kavanaugh*, 295 U.S. 56 (1935). It unanimously reiterated contracts "are impaired within the meaning of the Constitution when the right to enforce them by legal process is taken away or materially lessened." *Lynch v United States*, 292 U.S. 571 (1934). It said again "We were unable then, as we are now, to concur in the view that an emergency can ever justify, or, what is really the same thing, can ever furnish an occasion for justifying, a nullification of the constitutional

restriction upon state power in respect of the impairment of contractual obligations." *W. B. Worthen Co. et al. v. Thomas*, 292 U.S. 426 (1934).

iii.     Declaratory Judgment stating that the filing moratorium violates the Contract Clause

Plaintiff requests a declaratory judgment that a suspension of enforcement of obligations under a lease violates the Contract Clause. Sub-section ii is hereby referenced. This includes- both, and any further withdrawal of creditor rights based on a Legislative command to offer a "payment plan."

A requirement to offer a payment plan was specifically noted as unconstitutional by the Attorney General of Maryland when he walked out of the Constitutional Convention in 1787. He stated that the Constitution would prohibit States- in times of "great public calamities and distress" from interfering with contracts by "totally or partially stopping the courts of justice, or authorizing the debtor to pay by instalments"- actions he felt should remain within the Legislative power. New York also unsuccessfully requested amendments to retain State power to pass debtor relief laws. *1 Debates In The Several State Conventions on the Adoption of the Federal Constitution 376 & 330 ("Luther Martin's Letter")*.

iv.     Nominal Damages of $1 for violation of the Takings clause

The purpose of the Takings Clause is to "bar Government from forcing some people alone to bear the public burdens which, in all fairness and justice, should be borne by the public as a whole." *Lingle v. Chevron Corp.*, 544 U.S. 528, 537 (2005) (quoting *Armstrong v. United States*, 364 U.S. 40, 49 (1960). "When the government physically acquires private property for a public use, the Takings Clause imposes a clear and categorical obligation to provide the owner with just compensation." *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021). This includes when it "appropriates private property for itself or a third party" and ""physically takes possession of property without acquiring title to it." This recent holding specifically held that a temporary physical taking is a "per se" taking. *Id.*

The Government's granting of possession to a third party is an obvious taking. The Government, through its eviction ban, is legally trespassing itself. Trespass intentionally (a) enters land in the possession of [an]other, or causes a thing or third person to do so, or (b) remains on the land, or

(c) *fails to remove from the land* a thing which he is under a duty to remove. *9 Restatement (Second) of Torts § 158 (AM. LAW. INST. 1965).*

v.    Declaratory Judgment stating that the District has Taken Property

Sub-section iv is hereby incorporated.

Plaintiff requests a declaratory judgment that a "suspension" of the right to regain possession of a property from a non-paying occupant constitutes a taking of property. Plaintiff requests the declaration find both a temporary physical taking of Plaintiff's property and a taking of Plaintiff's contract rights. "Contract rights are a form of property and may as such be taken for a public purpose provided that just compensation is paid." *United States Trust v New Jersey*, 431 U.S. 1 (1977). "The Fifth Amendment commands that property be not taken without making just compensation. Valid contracts are property." *Lynch v. United States*, 292 U.S. 571 (1934).

Relatedly, suspension of the cause of action constitutes a taking. "a cause of action is a species of property protected by the...Due Process Clause." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982). "a legal cause of action is property within the meaning of the Fifth Amendment, Cities Servs. Co. v. McGrath, 342 U.S. 330, 335-36" *Alliance of Descendants v. U.S.*, 37 F.3d 1478 (Fed. Cir. 1994). The Court is requested to declare that the taking of the cause of action is similarly a taking.

Relevantly, under the Takings Clause, compensation is due at the time of the taking. No compensation was provided at the time of the imposition of the moratorium. Delinquent compensation does not negate the constitutional violation. *Knick v. Township of Scott*, 588 U. S. ____ (2019)

vi.   Just Compensation for Property Taken by Government

The compensation due is the "rental which could have been obtained." *Kimball Laundry Co. v. United States*, 338 U.S. 1 (1949). "As just compensation for a permanent taking is fair market value, so just compensation for temporary taking can only be a fair rental value." *Anderson v. Chesapeake Ferry Co.*, 186 Va. 481,492 (1947). The fair use value of the property taken by the District for the occupancy of the non-paying squatter is worth $1,400/month according to the DC

Housing Authority. Mr. Hopkins has resided there at the District's invitation from February 2020 through (likely) April or May 2022- the earliest time at which the District is likely to *remove* him. Two years and two months of his occupancy- forced on me in the name of the public good- is 26 x $1,400 or: **$36,400**

Plaintiff will advise this court if any funds are likely to be collected from the occupant.

vii.    Legal Fees (42 USC 1988)

Legal fees in vindication of the civil rights asserted here were assessed by prior Counsel in the amount of **$10,000** in the related case of 2020-LTB-008032. ("plaintiffs may receive fees under §1988 even if they are not victorious on every claim" *Fox v Vice*, 563 U.S. 826 (2011), citing *Hensley v. Eckerhart*, 461 U. S. 424, 435). Plaintiff therefore "should ordinarily recover an attorney's fee" from the defendant—the party whose misconduct created the need for legal action. *Christiansburg Garment Co. v. EEOC*, 434 U. S. 412, 416 (1978). "Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley v. Eckerhart*, 461 U.S. 424 (1983)

viii.    Compensatory Damages- Mental Anguish

Plaintiff requests **$50,000** in mental anguish owing to the collective violation of Access to the Courts, Contracts Clause and Takings Clause. This anguish is demonstrated by the statements of persons similarly situated.

To cite some examples, Connecticut landlord Jeffrey Dunn stating "the emotion it takes on my wife is devastating" after being forced to pay the housing costs of a tenant who refused to pay and stated they would not leave until the sheriff removed them.[2] DC Landlord Arthur Nalls describes being drained of funds by the District's actions and then being forced to sell at a loss under duress, which has left him feeling "extremely bitter."[3] Homeowner Brandie LaCasse has been

---

[2] "Landlord reflects after eviction moratorium leaves him out thousands of dollars" WFSB, July 5, 2021. (https://www.youtube.com/watch?v=z5vf5_rnMtQ)
[3] Conlin, Michelle. Selling out: America's local landlords. Moving in: Big investors. *Reuters*. July 29, 2021.

forced to seek a fourth job to pay the bills of her tenants.[4] "I've never woken up having panic attacks before this year" one landlord states to CNN, while another states "this has been the biggest trial of my life... I saw my savings dwindle down, month by month by month."[5] "I have had this internal struggle going back and forth. I have lost sleep at night."[6]

Governmental theft is widespread. In New York, an immigrant's life savings is sucked dry. "No joke. I have no money" he says, as the city's leading tenant activist blames him for his fate. "How can this happen in the U.S.?" says another- housing a tenant $80,000 in arrears.[7] Elderly homeowners are, according to CBS news, "drain[ed] in the last years of their life" as their liquidity is depleted and they seek hospitalization for stress.[8] When media confronted the Governor with "what are landlords supposed to do?" he had no answer.

In California, acouple (one a veteran with PTSD) purchased their home in late 2019. Two years later, they "have not slept a night" in it. "We've had to couch surf, we've had to live with different families... I'm paying the mortgage, I'm paying all the bills, for someone to live for free... it does mess with you, that you have no right over your home because the city has taken your house hostage and they won't give it back to you."[9]

The presence of compensable mental anguish is effectively proven already by the pleadings of tenant amici groups. "Anxiety" is a descriptor for mental anguish. The District and tenant amici have boasted of how the anxiety of having to think about making payments was lifted from their constituency. Where was it put? On me.

"In Washington, D.C., affordable housing landlord Arthur Nalls tried for months to hang on after the pandemic began, paying off the mortgages on his two rental buildings with savings, then his credit cards and finally his retirement fund. About a third of his 47 tenants stopped paying, the 66-year-old said. 'My gas bills didn't get a deduction, my utilities didn't get a deduction, my property taxes were still due and I still had to make repairs.' In January and June, Nalls sold his

---

[4] "The Vulnerable Pay the Price for Covid Eviction Moratoriums" Jillian Kay Melchoir, *The Wall Street Journal*. August 13, 2021
[5] Bahney, Anna. Moving target on eviction ban is 'whiplash' for landlords. *CNN Business*, August 24, 2021
[6] https://fortune.com/2021/08/22/new-eviction-ban-landlords-struggle-collect-unpaid-rent-tenants/
[7] https://reason.com/video/2021/02/23/the-victims-of-the-eviction-moratorium/
[8] https://www.youtube.com/watch?v=Eem-Fix-63U
[9] https://www.youtube.com/watch?v=TeccDrS91N4

two properties to investors. 'You can probably tell by the tone of voice,' he said, 'I'm extremely bitter about the whole thing.'"[10]

ix.   Compensatory Damages- Lost Time or Diversion of Resources

Owing to the collective violation of Access to the Courts, Contract Clause and Takings clause, Plaintiff suffers additional damage of **$37,500** as follows.

Loss of time is a damage and is compensable. See *Reliable Mut. Hail Ins. Co. v. Rogers*, 160 P. 914, 917 (1916). See also *In re U.S. Office of Personnel Mgmt. Data Sec. Breach Litig.*, 928 F.3d 42 (D.C. Cir. 2019).

Alternatively, time spent by a proprietor *remedying* a violation, otherwise spent on revenue-generating activities, is compensable. See for example *United States v. Balistrieri*, 981 F.2d 916 (7th Cir. 1992). ("time...was deflected to legal efforts"). See also *Fair Hous. of Marin v. Combs*, 285 F.3d 899 (9th Cir. 2002) ("drains on their time and resources. Expenditures to reach out to potential...") ("Fair Housing itemized its claim of $16,317 for diversion of resources").

In this case, I was forced to individually devote significant time to learning about the District's various whiplashing moratoria, learning the relevant precedents, assisting Counsel unfamiliar with constitutional law in formulating arguments at each step of the litigation, making countless phone calls and other outreach in search of other Counsel to litigate constitutionality, litigating the entire appeal of this case pro se, litigating an appeal to the Supreme Court pro se, eventually now having to litigating the judgment of possession owing to prior Counsel's withdrawal, obtain the writ of restitution pro se, and now restarting an entirely new civil action for damages here.

I estimate the time spent on all this to be approximately 500 hours to date from the implementation of the District's "filing ban" in March 2020 through the present drafting of this case and petition to Supreme Court. Applying a fair labor rate of $75/hr yields **$37,500**. Should this case go in circles for a while more, additional time damages will be claimed.

---

[10] "Selling out: America's local landlords. Moving in: Big investors" *Reuters*, July 29 2021.

x.     Costs

Plaintiff moves for an award of costs. This includes the costs associated with 2020-LTB-008032, 21-CV-37 and the Supreme Court proceedings (if certiorari granted)

*Conclusion*

Plaintiff hereby requests a money judgment of **$133,903 plus costs** from the District of Columbia and declaratory judgments that the District has violated the Contract Clause and the Takings Clause.

*Alexander Gallo*

Respectfully submitted,
Alexander Gallo
950 25th St NW #329N
Washington, DC 20037
516-770-1624
aogallo@gwmail.gwu.edu



**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

Alexander Gallo

_____
                                    Plaintiff
                        vs.                                    Case Number  2021        4322
                                                            _____
District of Columbia
_____
                                   Defendant

**SUMMONS**

To the above named Defendant:

      You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

      You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Alexander Gallo
_____                    _Clerk of the Court_
Name of Plaintiff's Attorney

950 25th St NW #329N, Washington, DC 20037           By _____
_____                              Deputy Clerk
Address

516-770-1624
_____                    Date ____11/19/2021____
Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화해주십시오.     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

      IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

      If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                      Super. Ct. Civ. R. 4




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                    Demandante
           contra

Número de Caso: _____

_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                  *SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

                                                  Por: _____

Dirección                                         Subsecretario

                                                  Fecha _____

Teléfono
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 전화주십시오       የትርጉም አገልግሎት ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                          Super. Ct. Civ. R. 4



# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

_Alexander Gallo_

Case Number: 2 0 2 1    4 3 2 2

vs

Date: _____

_District of Columbia_

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* _Alexander Gallo_ | Relationship to Lawsuit |
| Firm Name: | ☐ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.:          Six digit Unified Bar No.: _516-770-1624_ | ☐ Other:_____ |

TYPE OF CASE: ☒ Non-Jury       ☐ 6 Person Jury       ☐ 12 Person Jury

Demand: $ _133,903_ _____       Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _2020-LTB-008032_   Judge: _Epstein, Trafford_   Calendar #:_____

Case No.:_____   Judge:_____   Calendar#:_____

---

### NATURE OF SUIT:     *(Check One Box Only)*

#### A. CONTRACTS                COLLECTION CASES

| | | |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 14 Under $25,000 Pltf. Grants Consent | ☐ 16 Under $25,000 Consent Denied |
| ☐ 02 Breach of Warranty | ☐ 17 OVER $25,000 Pltf. Grants Consent | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 27 Insurance/Subrogation | ☐ 26 Insurance/Subrogation |
| ☐ 07 Personal Property |    Over $25,000 Pltf. Grants Consent |    Over $25,000 Consent Denied |
| ☐ 13 Employment Discrimination | ☐ 07 Insurance/Subrogation | ☐ 34 Insurance/Subrogation |
| ☐ 15 Special Education Fees |    Under $25,000 Pltf. Grants Consent |    Under $25,000 Consent Denied |
| | ☐ 28 Motion to Confirm Arbitration | |
| |    Award (Collection Cases Only) | |

#### B. PROPERTY TORTS

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

#### C. PERSONAL TORTS

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 10 Invasion of Privacy | ☐ 17 Personal Injury- (Not Automobile, |
| ☐ 02 Alienation of Affection | ☐ 11 Libel and Slander |    Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 12 Malicious Interference | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 04 Automobile- Personal Injury | ☐ 13 Malicious Prosecution | ☐ 19 Wrongful Eviction |
| ☐ 05 Deceit (Misrepresentation) | ☐ 14 Malpractice Legal | ☐ 20 Friendly Suit |
| ☐ 06 False Accusation | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 21 Asbestos |
| ☐ 07 False Arrest | ☐ 16 Negligence- (Not Automobile, | ☐ 22 Toxic/Mass Torts |
| ☐ 08 Fraud |    Not Malpractice) | ☐ 23 Tobacco |
| | | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015



# Information Sheet, Continued

**C. OTHERS**

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 05 Ejectment
☐ 09 Special Writ/Warrants
    (DC Code § 11-941)
☐ 10 Traffic Adjudication
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☒ 16 Declaratory Judgment

☐ 17 Merit Personnel Act (OEA)
    (D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability

☐ 24 Application to Confirm, Modify,
    Vacate Arbitration Award (DC Code § 16-4401)
☐ 29 Merit Personnel Act (OHR)
☐ 31 Housing Code Regulations
☐ 32 Qui Tam
☐ 33 Whistleblower

*AoG*

**II.**

☐ 03 Change of Name
☐ 06 Foreign Judgment/Domestic
☐ 08 Foreign Judgment/International
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
    Certificate
☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
☐ 27 Petition for Civil Asset Forfeiture (Currency)
☐ 28 Petition for Civil Asset Forfeiture (Other)

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
    Judgment [ D.C. Code §
    2-1802.03 (h) or 32-151 9 (a)]
☐ 20 Master Meter (D.C. Code §
    42-3301, et seq.)

☐ 21 Petition for Subpoena
    [Rule 28-I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27(a)(1)
    (Perpetuate Testimony)
☐ 24 Petition for Structured Settlement
☐ 25 Petition for Liquidation

**D.  REAL PROPERTY**

☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☒ 04 Condemnation (Eminent Domain)
☐ 10 Mortgage Foreclosure/Judicial Sale
☐ 11 Petition for Civil Asset Forfeiture (RP)

☐ 08 Quiet Title
☐ 25 Liens: Tax / Water Consent Granted
☐ 30 Liens: Tax / Water Consent Denied
☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

11/19/2021
Date

CV-496/ June 2015

**THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**
**500 Indiana Avenue   NW**
**Washington, D.C.  20001**

**January 4, 2022**


CASE NAME:  ALEXANDER GALLO Vs. DISTRICT OF COLUMBIA


CASE NUMBER:  2021 CA 004322 B


# NOTICE OF REMOVAL


This case has been removed to the U.S. District Court for the District of Columbia. Any unresolved motion filed in this case prior to its removal is moot as of the date of this notice. Should the U.S. District Court remand the case back to this Court, moving party may request reinstatement of a motion filed prior to removal of the case by filing a praecipe requesting that the named motion(s) be reinstated. A Certificate of Service to all parties must accompany the praecipe.

**NO FURTHER PLEADINGS WILL BE ACCEPTED FOR FILING IN THE SUPERIOR COURT AT THIS TIME.**



D. C. Superior Court
500 Indiana Avenue NW
Room JM-170
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

FERNANDO AMARILLAS
ATTORNEY GENERAL FOR D.C.
441 Fourth Street NW,  Sixth Floor South
WASHINGTON, DC 20001

2021 CA 004322 B

CANOR

**THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**
**500 Indiana Avenue   NW**
**Washington, D.C.  20001**

**January 4, 2022**

CASE NAME:  ALEXANDER GALLO Vs. DISTRICT OF COLUMBIA

CASE NUMBER:  2021 CA 004322 B

# NOTICE OF REMOVAL

This case has been removed to the U.S. District Court for the District of Columbia. Any unresolved motion filed in this case prior to its removal is moot as of the date of this notice. Should the U.S. District Court remand the case back to this Court, moving party may request reinstatement of a motion filed prior to removal of the case by filing a praecipe requesting that the named motion(s) be reinstated. A Certificate of Service to all parties must accompany the praecipe.

**NO FURTHER PLEADINGS WILL BE ACCEPTED FOR FILING IN THE SUPERIOR COURT AT THIS TIME.**



D. C. Superior Court
500 Indiana Avenue NW
Room JM-170
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

MICAH I BLUMING
Office of the Attorney General
441 4th Street
WASHINGTON, DC 20001

2021 CA 004322 B

CANOR

**THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**
**500 Indiana Avenue   NW**
**Washington, D.C.  20001**

**January 4, 2022**

CASE NAME:  ALEXANDER GALLO Vs. DISTRICT OF COLUMBIA

CASE NUMBER:  2021 CA 004322 B

# NOTICE OF REMOVAL

This case has been removed to the U.S. District Court for the District of Columbia. Any unresolved motion filed in this case prior to its removal is moot as of the date of this notice. Should the U.S. District Court remand the case back to this Court, moving party may request reinstatement of a motion filed prior to removal of the case by filing a praecipe requesting that the named motion(s) be reinstated. A Certificate of Service to all parties must accompany the praecipe.

**NO FURTHER PLEADINGS WILL BE ACCEPTED FOR FILING IN THE SUPERIOR COURT AT THIS TIME.**



D. C. Superior Court
500 Indiana Avenue NW
Room JM-170
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

ALEXANDER GALLO
950 25th St NW #329N
WASHINGTON, DC 20037

2021 CA 004322 B

CANOR

**THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**
**500 Indiana Avenue   NW**
**Washington, D.C.  20001**

**January 4, 2022**

CASE NAME:  ALEXANDER GALLO Vs. DISTRICT OF COLUMBIA

CASE NUMBER:  2021 CA 004322 B

# NOTICE OF REMOVAL

This case has been removed to the U.S. District Court for the District of Columbia. Any unresolved motion filed in this case prior to its removal is moot as of the date of this notice. Should the U.S. District Court remand the case back to this Court, moving party may request reinstatement of a motion filed prior to removal of the case by filing a praecipe requesting that the named motion(s) be reinstated. A Certificate of Service to all parties must accompany the praecipe.

**NO FURTHER PLEADINGS WILL BE ACCEPTED FOR FILING IN THE SUPERIOR COURT AT THIS TIME.**



D. C. Superior Court
500 Indiana Avenue NW
Room JM-170
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

DISTRICT OF COLUMBIA
400 6th Street NW
WASHINGTON, DC 20001

2021 CA 004322 B

CANOR