UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Alexander Gallo
*Plaintiff*

v.                                        **Case 1:21-cv-03298-TNM**
                                            **Judge Trevor N. McFadden**

District of Columbia
*Defendant*

### Plaintiff's Opposition to Defendant's Motion to Dismiss

For the reasons stated herein, I oppose the District's motion to dismiss the Complaint as to the Takings Clause and Contracts Clause issues (counts ii-x of the Complaint).

Dismissal with prejudice would amount to a merits ruling that no one in the District is entitled to compensation for uncompensated occupancy imposed by the "eviction ban."

Respectfully submitted,

*Alexander Gallo*
_____
Alexander Gallo
950 25th St NW #329N
Washington, DC 20037
516-770-1624
aogallo@gwmail.gwu.edu

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Alexander Gallo
*Plaintiff*

v.                                **Case 1:21-cv-03298-TNM**
                                 **Judge Trevor N. McFadden**

District of Columbia
*Defendant*

**Memorandum of Points and Authorities in Support of**
**Plaintiff's Opposition to Motion to Dismiss**

     I.     *The Issue of "Access to the Courts"*

Count (i) of the Complaint was included for procedural reasons. Finality on the *issue* of "Access to the Court" arrived on January 10, 2022- after filing. If this court finds the issue precluded by *Towers*, then only count (i) of the Complaint should be dismissed.

The District describes an issue preclusion on the question of Access (District's motion at 18). Even if so, the logic or dicta of *Towers* is not controlling. It is worth noting that at the oral argument before the DC Court of Appeals, one judge stated that Access existed because court was open to seek money remedy under the Takings Clause and Contracts Clause- an intriguingly tautological take on the Access question. A second judge simply wondered why I had not already brought a Takings Clause claim for money instead of defending the Superior Court's injunctive holding as appellee, as the ability to substantiate damages grew with time.

Both the Superior Court and the DC Court of Appeals chose not to reach the issues of the Contracts Clause and Takings Clause. The Court of Appeals instead simply noted in *Towers*- after a year of kicking the can- that the Government's uncompensated imposition of occupancy could be "challenged on other grounds." This Complaint does so.

      II.       The Complaint States a Claim Under the Contracts Clause and Takings Clause

*The Contracts Clause*

While the District states that I have not tied "delayed" compensation to injury, the Complaint does not limit the alleged injury to delay. Even if it did: The Legislature may not "materially delay or embarrass the enforcement of rights" *Oshkosh Waterworks Co. v. Oshkosh*, 187 U.S. 437 (1903). "Any authorization of the postponement of payment… is in conflict with the constitutional inhibition." *State of Louisiana v. City of New Orleans*, 102 U.S. 203 (1880). The Legislature may not carve out an "estate of several months more than was obtainable by him under the former law, with full right of possession, and without paying rent or accounting for profits *in the meantime*." *Barnitz v. Beverly*, 163 U.S. 118 (1896).

The 2nd Circuit recently found that a challenge to a Covid moratorium under the Contracts Clause sufficiently states a claim. *Melendez v. City of New York*, No. 20-4238-cv (2nd Cir. Oct. 28, 2021). The 9th Circuit reached the merits, assuming a "substantial" impairment. *Apartment Ass'n of L. A. Cnty. v. City of Los Angeles*, No. 20- 56251 (9th Cir. Aug. 25, 2021) (petition for certiorari pending, 21-788). Dismissal is plainly unwarranted.

*The Takings Clause*

The Complaint states a claim under the Takings Clause. It does not rely exclusively on one framework but does suggest one: "Plaintiff requests the declaration find…a temporary physical taking of Plaintiff's property." (Complaint, count v). The Complaint alleges more than "delay," though mere delay is again unconstitutional. "A later payment of compensation may remedy the constitutional violation that occurred at the time of the taking, but that does not mean the violation never took place. The violation is the only reason compensation was owed in the first place. A bank robber might give the loot back, but he still robbed the bank." *Knick v. Township of Scott*, 588 U.S. __ (2019). "a physical appropriation is a taking whether it is permanent or temporary; the duration of the appropriation bears only on the amount of compensation due" – not the taking's existence. *Cedar Point Nursery v. Hassid*, 594 U. S. ____ (2021). A Government's physical appropriation may be "for itself or a third party." *Id*

Under a regulatory framework, suggestion that a taking does not occur because an enactment "advances" a governmental interest (motion at 34) is long dead, as all takings must be for a public purpose. "We hold that the 'substantially advances' formula is not a valid takings test, and indeed conclude that it has no proper place in our takings jurisprudence." *Lingle v. Chevron U. S. A. Inc.*, 544 U.S. 528 (2005). The District was politely reminded of this 13 months ago: "the fact that the taking is for a compelling public purpose does not diminish the property owner's right to just compensation from the District under the Takings Clause." (December 16 Order) Dismissal is unwarranted on other factors such as entering a "regulated industry." See for example this court's denial of dismissal in *Ascom Hasler Mailing Sys., Inc. v. U.S. Postal Serv*. 885 F. Supp. 2d 156 (D.D.C. 2012): "The regulated nature of the postage meter industry is not 'a talisman that automatically prevents [the] vesting' of a property interest." ("[T]he abrogation by legislation of clear, unqualified contract rights requires a remedy, *even in a highly regulated industry*")

A two-month seizure is a taking: "Where the government, in emergencies, takes private property into its use, a contract to reimburse the owner is implied." *United States v. Russell*, 80 U.S. 623 (1871). "The Fifth Amendment commands that property be not taken without making just compensation. Valid contracts are property." *Lynch v. United States*, 292 U.S. 571 (1934). Any contract "is subject to the law of eminent domain, for there enters into every engagement the unwritten condition that it is subject to appropriation for public use." *Cincinnati v. Louisville & Nashville R. Co.*, 223 U.S. 390 (1912). A taking can be of the "substantive rights" of a merely secured party: "the taking of substantive rights in specific property." *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555 (1935)

III.     *Judicial Estoppel Precludes Dismissal*

The District's motion fares worse still when viewed in light of the doctrine of judicial estoppel. See *New Hampshire v. Maine*, 532 U.S. 742 (2001) ("The purpose of the doctrine is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions"). See also *Scarano v. Central R. Co.*, 203 F.2d 510, 512-13 (3rd Cir. 1953) ("such use of inconsistent positions would most flagrantly exemplify that playing 'fast and loose with the courts' which has been emphasized as an evil the court should not tolerate.") See also *Konstantinidis v. Chen*, 626 F.2d 933 (D.C. Cir. 1980).

In a Rule 28(k) submission to the DC Court of Appeals after oral argument (regarding the lack of compensation), the District stated that the issue of compensation is "wholly separate from the constitutional issue of access to the courts… Mr. Gallo has always been able to file other claims to vindicate his asserted property rights, including a claim under the Takings Clause." District's 28(k) Submission in *Towers*, dated September 27, 2021. The District now moves to permanently bar the very claim it stated would vindicate the rights.

*Conclusion*

The Complaint alleges all that must be alleged: the Government granted someone the right to occupy while paying nothing. This is unconstitutional even if for a day: "the right to occupy, for a day, a month, a year, or a series of years…has a value" *United States v. General Motors Corp.*, 323 U.S. 373 (1945). And where the occupant had contracted for such occupancy with the counterparty (me) relying on performance to satisfy *other* counterparties, the lease be damned. I can even let the District state the claim for me: "The Attorney General issued an opinion…that it is possible for a Government to step in and, to use the phrase from the Constitution, impair contracts."[1]

Respectfully submitted,

*Alexander Gallo*
───────────────
Alexander Gallo
950 25th St NW #329N
Washington, DC 20037
516-770-1624
aogallo@gwmail.gwu.edu

---

[1] DC Council Chairperson, Twenty-Ninth Legislative Meeting. May 5, 2020. At 1 hour, 27 minutes