UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER GALLO,<br><br>      Plaintiff,<br><br>  v.<br><br>DISTRICT OF COLUMBIA,<br><br>      Defendant. | Civil Action No. 21-3298 (TNM) |

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.     The Arguments Plaintiff Has Not Addressed Should Be Treated as Conceded. ............. 1

    II.    Plaintiff Is Precluded from Challenging the Filing Moratorium Under the Right of Access to Courts. ........................................................................................................... 2

    III.   The Filing Moratorium and the Payment Plan Program Did Not and Do Not Violate the Contract Clause, and the Cases Plaintiff Cites Do Not Change That Conclusion. .......... 3

    IV.   Plaintiff Has Not Alleged a Violation of the Takings Clause Because He Has Not Alleged a Physical or a Regulatory Taking. .................................................................... 6

    V.    Plaintiff's Estoppel Argument Is Incorrect and Misstates the District's Position. .......... 7

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Apt. Ass'n of Los Angeles Cnty. v. City of Los Angeles*, 10 F.4th 905 (9th Cir. 2021) ............... 5, 6

*Brewer v. District of Columbia*, 105 F. Supp. 3d 74 (D.D.C. 2015) .............................................. 3

*Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021) ................................................................ 6

*District of Columbia v. Towers*, 260 A.3d 690 (D.C. 2021) ...................................................... 2, 3

*Elmsford Apt. Assocs., LLC v. Cuomo*, 469 F. Supp. 3d 148 (S.D.N.Y. 2020) ............................ 7

*Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280 (2005) ............................................. 3

*Home Bldg. & Loan Ass'n v. Blaisdell*, 290 U.S. 398 (1934) ........................................................ 5

*Jevons v. Inslee*, ___ F. Supp. 3d ___, 2021 WL 4443084 (E.D. Wa. Sept. 21, 2021) .................. 7

*Knick v. Township of Scott*, 139 S. Ct. 2162 (2019) ...................................................................... 7

*Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528 (2005) ...................................................................... 7

*Melendez v. City of New York*, 16 F.4th 992 (2d Cir. 2021) ......................................................... 5

*New Hampshire v. Maine*, 532 U.S. 742 (2001) ........................................................................ 8, 9

*Oshkosh Waterworks Co. v. City of Oshkosh*, 187 U.S. 437 (1903) ............................................. 4

*Penn Central Transp. Co. v. New York City*, 438 U.S. 104 (1978) ............................................... 7

*So. Cal. Rental Housing Ass'n v. Cnty. of San Diego*, ___ F. Supp. 3d ___, 2021 WL 3171919 (S.D. Cal. July 26, 2021) ............................................................................................................ 7

*Sveen v. Melin*, 138 S. Ct. 1821 (2018) ......................................................................................... 4

*Wannall v. Honeywell, Inc.*, 775 F.3d 425 (D.C. Cir. 2014) ......................................................... 2

*Willis v. Gray*, Civil Action No. 14-1746, 2020 WL 805659 (D.D.C. Feb. 18, 2020) .................. 3

*Yee v. City of Escondido*, 503 U.S. 519 (1992) ............................................................................. 6

**Statutes**

D.C. Code § 42-3192.01 .................................................................................................................. 1

# INTRODUCTION

Plaintiff ostensibly raises challenges to three temporary laws enacted during the COVID-19 pandemic: a temporary moratorium on eviction filings (the Filing Moratorium), a temporary moratorium on debt collection actions (the Debt Collection Moratorium), and a temporary rent payment plan program (Payment Plan Program). In its motion to dismiss, the District of Columbia (the District) argued that plaintiff lacks standing to challenge the Payment Plan Program and has failed to state a claim at all. Plaintiff's opposition does not change those conclusions. For starters, plaintiff entirely fails to address three of the District's arguments: that he lacks standing to challenge the Payment Plan Program, that he has not stated a claim for a violation of his right of access to courts, and that he has not stated a claim under the First Amendment Petition Clause. All three should be treated as conceded. The arguments he does address fare no better. Plaintiff remains precluded from challenging the Filing Moratorium as a violation of his right of access to courts because he lost that argument in the D.C. Court of Appeals. He has not stated a claim under the Contract Clause because he has not shown an impairment of a contractual relationship or that the law fails to advance a significant and legitimate public purpose in an appropriate and reasonable way. And he has not stated a claim for either a physical or a regulatory taking. Finally, plaintiff's argument notwithstanding, judicial estoppel does not bar any argument the District has made. The Complaint should be dismissed.

# ARGUMENT

## I. The Arguments Plaintiff Has Not Addressed Should Be Treated as Conceded.

In support of its motion to dismiss, the District raised numerous arguments, three of which plaintiff does not address in his response at all. First, the District argued that plaintiff lacks standing to bring any claims arising from the Payment Plan Program, *see* D.C. Code § 42-3192.01, referenced in the Complaint. *See* Mem. in Support of Def.'s Mot. to Dismiss (Def.'s Mem.) [6-1]

1

at 14-15.[1] Second, the District argued that regardless of whether claim preclusion applies, plaintiff has not stated a claim for a denial of his right of access to courts as to the Filing Moratorium, the Debt Collection Moratorium, and the Payment Plan Program. *Id.* at 16-23.[2] And third, the District argued that plaintiff failed to state a claim under the First Amendment Petition Clause. *Id.* at 35. Plaintiff has not addressed these arguments at all in his opposition. *See generally* Pl.'s Opp'n to Def.'s Mot. to Dismiss (Pl.'s Opp'n) [8]. All three should therefore be treated as conceded. *See* LCvR 7(b) (motion may be treated as conceded when no opposition memorandum filed); *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) (Local Civil Rule 7(b) "understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded"). Plaintiff's challenge to the Payment Plan Program and any claims under the Petition Clause or the right of access to courts should be dismissed.

## II. Plaintiff Is Precluded from Challenging the Filing Moratorium Under the Right of Access to Courts.

In support of its motion to dismiss, the District argued that plaintiff's challenge to the Filing Moratorium as a violation of the right of access to courts was already raised before and rejected by the D.C. Court of Appeals, precluding plaintiff from raising it again. *See* Def.'s Mem. at 17-18 (citing *Towers*, 260 A.3d at 690-93). In his opposition, plaintiff only contends that "the logic or dicta of *Towers* is not controlling." Pl.'s Opp'n at 2.[3] Although plaintiff's argument is not clear, to

---

[1] All citations to the District's memorandum in support of its motion to dismiss reference the page numbers on the bottom of each page.

[2] The District argued that only plaintiff's challenge to the Filing Moratorium as a denial of his right of access to courts is precluded by the D.C. Court of Appeals' decision in *District of Columbia v. Towers*, 260 A.3d 690 (D.C. 2021). *See* Def.'s Mem. at 17-18.

[3] Because the document itself does not include page numbers, all references to plaintiff's opposition memorandum cite to the ECF page numbers.

the extent he argues that the *Towers* decision need not be followed here in federal court, he is mistaken. *See, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 293 (2005) (Full Faith and Credit Act, 28 U.S.C. § 1738, "requires the federal court to 'give the same preclusive effect to a state-court judgment as another court of that State would give'") (quoting *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986)); *Willis v. Gray*, Civil Action No. 14-1746, 2020 WL 805659, at *5 (D.D.C. Feb. 18, 2020) (under Full Faith and Credit Act, the "same preclusive treatment is afforded to prior determinations of the District of Columbia courts").

Moreover, as previously noted, "a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Brewer v. District of Columbia*, 105 F. Supp. 3d 74, 85 (D.D.C. 2015) (citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). Plaintiff agrees that the D.C. Court of Appeals' decision in *Towers* is now final. *See* Pl.'s Opp'n at 2. That decision directly decided plaintiff's right-of-access claim. *See Towers*, 260 A.3d at 691. Accordingly, he is precluded from challenging here the Filing Moratorium as a denial of his right of access to courts.

III. **The Filing Moratorium and the Payment Plan Program Did Not and Do Not Violate the Contract Clause, and the Cases Plaintiff Cites Do Not Change That Conclusion.**

The District previously raised several reasons plaintiff has failed to state a claim under the Contract Clause as to either the Filing Moratorium or the Payment Plan Program, which are the only two provisions of law he challenges under that constitutional rubric. *See* Def.'s Mem. at 23-30; Compl. ¶ 12(iii). Plaintiff does not address the District's points and instead cites to several cases he believes support his position. But the cases he cites are inapposite.

First, plaintiff points to three cases from the late 19th and early 20th centuries involving laws that delayed the enforcement of contracts. *See* Pl.'s Opp'n at 3 (citing cases). Plaintiff offers no analysis of these cases, and the portions he quotes are misleading at best. For example, plaintiff

3

quotes *Oshkosh Waterworks Co. v. City of Oshkosh*, 187 U.S. 437 (1903), for the proposition that "[t]he Legislature may not 'materially delay or embarrass the enforcement of rights.'" Pl.'s Opp'n at 3 (quoting *Oshkosh*, 187 U.S. at 439). Plaintiff, however, extracts that quoted language from a larger passage that reads as follows:

> It is true the legislature may not withdraw all remedies, and thus, in effect, destroy the contract; nor may it impose such new restrictions or conditions as would materially delay or embarrass the enforcement of rights under the contract *according to the usual course of justice as established when the contract was made*. Neither could be done without impairing the obligation of the contract. *But it is equally well settled that the legislature may modify or change existing remedies, or prescribe new modes of procedure, without impairing the obligation of contracts*, provided a substantial or efficacious remedy remains or is given, by means of which a party can enforce his rights under the contract.

*Oshkosh*, 187 U.S. at 439 (emphasis added). In selectively citing and quoting from those cases, plaintiff ignores more than a century of subsequent case law plainly clarifying the standards for analyzing a Contract Clause claim. As the District previously explained, a law violates the Contract Clause only if it both "operate[s] as a substantial impairment of a contractual relationship" and is not "drawn in an appropriate and reasonable way to advance a significant and legitimate public purpose." Def.'s Mem. at 24 (internal quotation marks omitted) (quoting *Sveen v. Melin*, 138 S. Ct. 1821, 1821-22 (2018)). The District argued that the Filing Moratorium and the Payment Plan Program did not substantially impair any contractual relationship plaintiff may have had because they are temporary measures and amount to reasonable regulations to which property owners and tenants have long been subject in the District.[4] *Id.* at 24–27. The District further argued that—impairment aside—both provisions of law were reasonably drawn to advance two compelling

---

[4] The Complaint does not say whether plaintiff in fact had a lease or other valid contract with the individual he characterizes as a "squatter." *See* Compl. ¶ 2. If not, plaintiff may lack standing to bring a claim under the Contract Clause. However, for the reasons argued here and in support of the District's motion to dismiss, plaintiff's claims fail regardless.

4

interests: the economic protection of tenants, and the mitigation of COVID-19. *Id.* at 27–30. Plaintiff offers no response to either of these arguments. The cases he cites are outdated, inapposite, and fail to address the applicable legal standard.

Second, again without analysis, plaintiff cites to two recent cases from the Second and Ninth Circuits addressing the Contract Clause. *See* Pl.'s Opp'n at 3. Neither, however, supports his claims. In *Melendez v. City of New York*, 16 F.4th 992 (2d Cir. 2021), the plaintiffs challenged a New York City legislative enactment, known as the "Guaranty Law," "which renders *permanently* unenforceable personal liability guaranties of commercial lease obligations arising between March 7, 2020, and June 30, 2021." *Melendez*, 16 F.4th at 996 (emphasis added). As the Second Circuit explained, "for rent arrears arising during that almost sixteen-month period, the Guaranty Law does not simply defer a landlord's ability to enforce a personal guaranty; it forever extinguishes it." *Id.* at 1005. In finding that the plaintiffs there had stated a claim under the Contract Clause, the court noted the contrast with the impairment at issue in *Home Building & Loan Association v. Blaisdell*, 290 U.S. 398 (1934), "which temporarily extended a mortgage's foreclosure redemption period but left the 'integrity of the mortgage indebtedness' and 'conditions of redemption' unaltered once the extension expired.'" *Melendez*, 16 F.4th at 1033 (quoting *Blaisdell*, 290 U.S. at 445). The temporary provisions here are of the same kind as those at issue in *Blaisdell*, as they impose no permanent deprivations. *Melendez* is thus of no relevance.

Plaintiff's reliance on *Apartment Association of Los Angeles County v. City of Los Angeles*, 10 F.4th 905 (9th Cir. 2021), fares no better. There, the Ninth Circuit upheld Los Angeles's temporary eviction moratorium implemented during the pandemic against a challenge under the Contract Clause. *See id.* at 913. Following the framework of *Sveen*, the court determined it "need not decide whether the eviction moratorium is a substantial impairment of contractual relations

5

because even assuming it is, given the challenges that COVID-19 presents, the moratorium's provisions constitute an 'appropriate and reasonable way to advance a significant and legitimate public purpose.'" *Id.* (quoting *Sveen*, 138 S. Ct. at 1822). That holding supports the District's position here, not plaintiff's. Plaintiff has not stated a claim under the Contract Clause.

IV. **Plaintiff Has Not Alleged a Violation of the Takings Clause Because He Has Not Alleged a Physical or a Regulatory Taking.**

In support of its motion to dismiss, the District argued that plaintiff alleged neither a physical nor a regulatory taking. *See* Def.'s Mem. at 30–35. Plaintiff's response fails to show otherwise.

First, plaintiff argues he has asked the Court to "find … a temporary physical taking of Plaintiff's property," Pl.'s Opp'n at 3 (quoting Compl. ¶ 12(v)), contending in his Complaint that "a 'suspension' of the right to regain possession of a property from a non-paying occupant constitutes a taking of property," Comp. ¶ 12(v). Plaintiff, however, has not challenged the District's temporary moratorium on evictions themselves, *see* Def.'s Mem. at 16 n.14, and he does not contend that any of the three provisions he has challenged—the Filing Moratorium, the Debt Collection Moratorium, or the Payment Plan Program—amounts to a physical taking. Regardless, physical takings occur only when the government "uses its power of eminent domain to formally condemn property," "physically takes possession of property without acquiring title to it," or "occupies property." *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2017 (2021) (citing cases). Moreover, the law is clear that no physical taking occurs unless the government "requires the landowner to submit to the physical occupation of his land," as opposed to regulating the owner's ability to remove someone already occupying the property. *See Yee v. City of Escondido*, 503 U.S. 519, 524 (1992). To be a physical taking, the government's action must also "require[] an owner to suffer a *permanent* physical invasion of her property." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S.

6

528, 538 (2005) (emphasis added). Courts have repeatedly concluded that under these principles, temporary eviction moratoria do not impose physical takings. *See, e.g.*, *Elmsford Apt. Assocs., LLC v. Cuomo*, 469 F. Supp. 3d 148, 163 (S.D.N.Y. 2020); *Jevons v. Inslee*, ___ F. Supp. 3d ___, 2021 WL 4443084, at *13 (E.D. Wa. Sept. 21, 2021), *appeal filed*, No. 22-35050 (9th Cir. Jan. 18, 2022); *So. Cal. Rental Housing Ass'n v. Cnty. of San Diego*, ___ F. Supp. 3d ___, 2021 WL 3171919, at *8 (S.D. Cal. July 26, 2021). Plaintiff's citations to *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019), and to *Cedar Point Nursery*, have no bearing on that analysis, as the portions of those decisions that plaintiff references address only whether and when a physical taking requires just compensation. *See* Pl.'s Opp'n at 3. Here, however, no physical taking has occurred to begin with.

Second, plaintiff offers the confusing assertions that "[u]nder a regulatory framework, … all takings must be for a public purpose," and that "[d]ismissal is unwarranted under other factors such as entering a 'regulated industry.'" Pl.'s Opp'n at 4. It is unclear what point, if any, plaintiff intends to make in response to the District's argument that plaintiff has failed to allege a regulatory taking. *See* Def.'s Mem. at 30-32. Regardless, plaintiff fails to engage at all with the analysis required under *Penn Central Transportation Company v. New York City*, 438 U.S. 104 (1978). *See* Def.'s Mem. at 31. As the District has argued, the economic impact, plaintiff's reasonable investment-backed expectations, and the character of the government action here all show that no regulatory taking has occurred. *Id.* at 32–35. Plaintiff addresses none of those points and does not advance an argument that he has stated a claim for a regulatory taking.

**V.     Plaintiff's Estoppel Argument Is Incorrect and Misstates the District's Position.**

Finally, plaintiff contends that dismissal here should be barred by judicial estoppel. Pl.'s Opp'n at 5. According to plaintiff, the District argued before the D.C. Court of Appeals that "the issue of compensation is 'wholly separate from the constitutional issue of access to the courts …

7

[*sic*] Mr. Gallo has always been able to file other claims to vindicate his asserted property rights, including a claim under the Takings Clause.'" *Id.* (quoting *District of Columbia v. Gallo Holdings, LLC – Series 2, et al.*, No. 21-CV-0037, Rule 28(k) Citation of Supplemental Authority by District of Columbia (D.C. Ct. App. Sept. 27, 2021)). In plaintiff's estimation, "[t]he District now moves to permanently bar the very claim it stated would vindicate the rights." *Id.* But plaintiff is wrong, and judicial estoppel does not apply.

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000)). Several considerations factor into whether judicial estoppel applies, but first and foremost among them is that the "party's later position must be 'clearly inconsistent' with its earlier position." *New Hampshire*, 532 U.S. at 750 (citing cases); *see also id.* at 750–51 (other relevant considerations include whether acceptance of new position would create a perception that the court was misled, and whether change of position would give a party an "unfair advantage" or pose an "unfair detriment" to the opposing party).

Judicial estoppel does not apply here because the District has not taken inconsistent positions. By stating before the D.C. Court of Appeals that plaintiff "has always been able to file other claims … including a claim under the Takings Clause," the District did not say whether such a claim would have merit, nor did the District weigh in on whether any particular set of allegations would suffice to state a claim. The District's contention here is that plaintiff's Complaint does not

8

state a claim for an unconstitutional taking. *See* Section IV above. Nothing about that is inconsistent with any previous position the District has taken.[5]

## CONCLUSION

For the foregoing reasons, and the reasons stated in support of the District's motion to dismiss, plaintiff's Complaint should be dismissed with prejudice.

Dated: January 28, 2022.    Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Assistant Deputy Attorney General

*/s/ Micah Bluming*
MICAH BLUMING [1618961]
Assistant Attorney General

---

[5] Additionally, plaintiff misrepresents the 28(k) letter he references. The portion he quotes was not about "the issue of compensation" writ large but about whether the availability of funding from the District's Stronger Together by Assisting You (STAY DC) program was outcome determinative for plaintiff's appeal. *See* Def.'s Mem. at 8 (background of STAY DC program). The paragraph of the District's letter from which plaintiff quotes reads in full:

> Finally, the District notes that the question whether Mr. Gallo is entitled to STAY DC funding is wholly separate from the constitutional issue of access to the courts. Mr. Gallo seeks to file a complaint for possession, and he will be able to do so in approximately three months. And he has always been able to file other claims to vindicate his asserted property rights, including a claim under the Takings Clause. The existence, or not, of STAY DC funding does not affect his access to the courts.

*Gallo Holdings*, No. 21-CV-0037, Rule 28(k) Citation of Supplemental Authority by District of Columbia (Sept. 27, 2021). The District argued there that because property owners could obtain relief through multiple non-judicial avenues, the availability of any one (e.g., STAY DC) did not change the access-to-courts analysis. *Accord* Defs.' Mem. at 20-22. The District has not made a "clearly inconsistent" argument as to that point, either. *See New Hampshire*, 532 U.S. at 750.

ANDREW J. SAINDON [456987]
Senior Assistant Attorney General
Equity Section
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
Phone: (202) 724-7272
Fax: (202) 730-1833
micah.bluming@dc.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on January 28, 2022, a copy of Defendant's Reply in Support of Motion to Dismiss Plaintiff's Complaint was served by electronic mail, with plaintiff's consent, on:

Alexander Gallo
aogallo@gwmail.gwu.edu

*Pro Se Plaintiff*

*/s/ Micah Bluming*
MICAH BLUMING [1618961]
Assistant Attorney General