UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Alexander Gallo
*Plaintiff*

v.                                                    **Case 1:21-cv-03298-TNM**
                                                      **Judge Trevor N. McFadden**

District of Columbia
*Defendant*

### Notice of Supplemental Authority ("PPP" Statutes and District's Brief)

Plaintiff hereby introduces into the record citation to the operative statutes concerning PPP. The reason for this Notice is simple: the Court's June 21 Order did not cite the correct statute (Order at 21, "would have been free to file an eviction action despite the Filing Moratorium").

DC Code § 42–3192.01(g) does not govern *filings* for possession. The operative statute is DC Code 16-1501. Complaints for nonpayment were *categorically prohibited* until October 12, 2021. DC Act 24-125 (Public Emergency Extension and Eviction and Utility Moratorium Phasing Emergency Amendment Act of 2021) set the dates: "(C) The complaint alleges non-payment of rent, the complaint is filed on or after October 12, 2021…" This includes tenants in breach of a "payment plan," with a tenant having a defense of being current on a plan in a case filed after October 12, 2021. The Act prohibited filing for possession of squatter units (Complaint count (vi)) until January 1, 2022. Relatedly, DC Code § 42–3505.01 *Evictions* set October 12, 2021 as the first day anyone in the city was allowed to repossess under a prior possession judgment: "(b-1)(1) On or after October 12, 2021, a housing provider may recover possession" if "(C) A tenant with a rent payment plan is at least $600 or 2 months behind on the terms of the payment plan, whichever is greater."

Insinuations that a filing ban never *actually* existed because a landlord could give a nonpaying tenant a "payment plan" offer and then file an eviction two months later upon a breach- say, in mid-2020- are absurd and contradict the law. Such statements should be estopped based on admissions in prior pleadings. Where were we at that point in time the District now alleges eviction cases could have been filed for nonpayment? We were in court with the District as it defended its

1

categorical Filing Ban for non-payment. And the District's brief in 2020 concerning the takings clause and contracts clause (attached) contains no mention of any "PPP" *exception to* the Filing Ban for non-payment and explicitly states the opposite: "rent payments are deferred during the moratorium." *Brief* at 30. After Judge Epstein's Order temporarily opened the door in December 2020 to *precisely such filings*, the District sought and obtained an immediate appellate stay.

Payment plans are irrelevant until October 12, 2021- there was no way to *enforce* one.

Respectfully submitted,

*Alexander Gallo*
_____
Alexander Gallo
950 25th St NW #329N
Washington, DC 20037
516-770-1624
aogallo@gwmail.gwu.edu

**Certificate of Service**

I certify that on August 16, 2022, a copy of this Notice is served by electronic mail on:

micah.bluming@dc.gov